UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT KARAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:17CV1392 HEA |
| | ) |
| PITTENGER LAW GROUP, LLC, | ) |
| | ) |
| Defendant, | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 4]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

**Facts and Background[1]**

Plaintiff filed this action in the Associate Circuit Court of St. Charles County, Missouri alleging that Defendant violated Section 1692e of the Fair Debt Collection Practices Act by filing a lawsuit in violation of an Arbitration Agreement and Waiver of Jury Trial entered into by the parties. Defendant

---

[1] The recitation of the facts is taken from Plaintiff's Amended Complaint and is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

removed the matter to this Court based on the Court's federal question jurisdiction. 28 U.S.C. § 1331.

Plaintiff's Petition alleges the following:

On December 22, 2016, Defendant filed a lawsuit against Plaintiff in the Associate Division of the Circuit Court of St. Charles County. The lawsuit alleges that Plaintiff executed and delivered to the Plaintiff in that case, OneMain Financial Services, Inc. a promissory note on November 19, 2013, in the sum of $2,676.75, plus interest. The promissory note included an arbitration agreement and waiver of jury trial:

> Under this agreement, both lender and I are voluntarily waiving any right to a jury or judge trial of all claims and disputes covered by this arbitration agreement and waiver of jury trial ("this Arbitration Agreement") to the fullest extent permitted by law.
>
> The Arbitration Agreement also contains a section labeled MATTERS NOT COVERED BY ARBITRATION:
>
> Instead of pursuing arbitration, either Lender or I also have the option to bring a lawsuit in court to seek to recover the monetary jurisdictional limit of a small claims or equivalent court in my state (including costs and attorneys' fees), provided that no relief other than such recovery is requested in such lawsuit.

Plaintiff alleges that the Missouri jurisdictional small claims amount is $5,000, that Defendant's suit seeks the sum of $2,676.75 plus interest. Plaintiff further alleges that the filing of the lawsuit by Defendant on behalf of OneMain

2

violates the Arbitration Agreement, therefore, Defendant violated the FDCPA by taking legal action that cannot be taken.

**Standard of Review**

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and construes all reasonable inferences arising therefrom most favorably to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Gross v. Weber*, 186 F.3d 1089, 1090 (8th Cir. 1999)). The Court, however, need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that plaintiffs draw from the facts pled. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. *See* Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records, *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief

above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**Discussion**

Defendant's motion to dismiss is based on the fact that the claim filed against Plaintiff in the Associate Circuit Court is indeed within the MATTERS NOT COVERED BY ARBITRATION. R.S.Mo. § 482.305 (the monetary jurisdictional limit of Missouri's small claims courts is "five thousand dollars, exclusive of interest or costs . . . ."). Further, Defendant argues that even if it were not, the Arbitration Agreement gives the parties the option of arbitrating the dispute, or filing an action in the Circuit Court.

Plaintiff argues that the collection suit falls outside of the parameters of the small claim exclusion. Plaintiff acknowledges that the suit asserted a claim and sought to recover $4,344.20 (principal sum of $3,633.24 plus accrued interest in the amount of $710.96), plus interest and attorneys' fees. From this, Plaintiff urges that the "accrued interest, additional continuing interest, and mounting attorneys' fees amounts to greater than $5,000" Plaintiff's argument, however misstates the amount Defendant seeks in the small claims suit.

The Petition on Promissory Note, which the Court can consider in the Motion to Dismiss as it is necessarily embraced by the pleadings and is also a public document, request the balance due of $4,344.20, (principal sum of $3,633.24, plus accrued interest in the amount of $710.96, plus interest and attorneys' fees and costs. Defendant's Affidavit of Account, which is attached to the Small Claim Petition, specifically requests attorneys' fees in the amount of $544.99. Excluding, per R.S.Mo. § 482.305, interest and costs, the total amount sought to be recovered in the small claim suit is 4,889.19; the amount sought in the small claim action is within the jurisdictional amounts for small claims in Missouri, Plaintiff's speculation notwithstanding. Defendant's collection action is indeed an Excluded Damages Lawsuit not subject to arbitration. Because Defendant was within its rights to file the collection action in the Missouri Associate Court, there has been no violation of the FDCPA as alleged in Plaintiff's Petition. The Petition fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Conclusion

Based upon the foregoing analysis, Plaintiff's Petition fails to state any viable claims. It must therefore be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 4], is granted.

**IT IS HEREBY FURTHER ORDERED** that this matter is dismissed.

Dated this 19th Day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE